UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA S. SHOPE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 05-CV-731-FHM |
| | ) |
| LINDA S. McMAHON, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration,[1] | ) |
| | ) |
| DEFENDANT. | ) |

## ORDER

Plaintiff, Donna S. Shope, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d

---

[1] On January 22, 2007, Linda S. McMahon became Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon is substituted for Jo Anne B. Barnhart who was the Commissioner, as defendant in this case. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's January 13, 2004 application for Disability Insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held March 15, 2005. By decision dated June 6, 2005, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on November 28, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was born September 9, 1961, and was 43 years old at the time of the hearing. [R. 45, 288].  She claims to have been unable to work since March 2, 2003, due to fatigue, pain, stiffness, loss of grip strength caused by Rheumatoid Arthritis (RA), numbness and tingling in the hands caused by Raynaud's Syndrome and back pain. [R. 289-293].  The ALJ determined that Plaintiff has severe impairments consisting of Rheumatoid Arthritis, Raynaud's disease and mitral valve prolapse [R. 15] but that she retains the residual functional capacity (RFC) to perform light work, having a decreased grip strength of 40 percent with her right hand and 20 percent with her left and ability to occasionally handle with her right hand and frequently handle with her left hand. [R. 19].  He determined that Plaintiff is able to perform her past relevant work (PRW) as a nurse instructor with that RFC. [R. 19-20].  He found, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 20].  The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

2

Plaintiff asserts the ALJ committed reversible error in the following respects: 1) that his decision violates the treating physician rule; 2) and that his RFC finding is not supported by substantial evidence. [Plaintiff's Brief, p. 3]. For the reasons discussed below, the Court affirms the decision of the Commissioner.

## Treating Physician Rule

According to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources. 20 C.F.R. § 404.1527(d)(2). In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." *See Watkins v. Barnhart*, 350 F.3d 1297, 2003 WL 22855009, at *2 (10th Cir. Dec. 2, 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.*

Here, Plaintiff contends the ALJ improperly failed to give controlling weight to the opinion of R. Michael Eimen, D.O., that Plaintiff is disabled. The opinion to which Plaintiff refers is expressed in a letter, which reads in its entirety as follows:

> Your Honor:
> This is in regards to a patient of mine Donna Shope who I have attended since April 14, 2003. Ms. Shope has a diagnosis since October 2003 of Rheumatoid Arthritis. She continues to have her illness manifested by severe joint stiffness in her extremities especially hand and knees. She has poor endurance secondary to her illness and the numerous medications required to manage it. We consider

>her disabled to do any vocational activities due to decreased endurance and her joint pain.

[R. 283].

The ALJ noted this report and acknowledged that controlling weight is ordinarily granted to treating source opinions unless they conflict with other substantial evidence or are not well supported. [R. 17]. The ALJ observed that Dr. Eimen's opinion conflicted with other medical evidence, in particular, a report by James McKay, D.O., a specialist in Rheumatology, who examined Plaintiff on February 21, 2005. [R. 17]. Review of the record supports this finding by the ALJ.

Dr. McKay wrote that Plaintiff had a history of rheumatoid arthritis without evidence of disease activity, that her hands revealed no signs of active rheumatoid arthritis and said: "at the present time, your patient's rheumatoid arthritis appears to be well controlled." [R. 281-282]. Other medical evidence in the record also contradicts Dr. Eimen's opinion. G. Bryant Boyd, M.D., who examined Plaintiff on March 25, 2004, wrote: "[h]istory of diagnosis of rheumatoid arthritis, however, on physical examination one would be hard put to make that diagnosis by physical findings at this time." [R. 151-152]. Examination revealed slight deficiencies in grip strength but otherwise normal musculoskeletal and neurological findings. Her ability to use her hands for gross and fine manipulation was normal. [R. 152]. Michael Gebetsberger, M.D., who was Plaintiff's treating physician in 2002 and 2003, noted Plaintiff reported RA flares occasionally in the hands and feet, "usually brief 1-2 [day] duration only" and most often described Plaintiff's RA as "stable." [R. 107, 108, 112, 117, 118, 123]. Dr. Zanetakis expressed an opinion on February 20, 2002, that many of Plaintiff's hand symptoms

were due to degenerative arthritis not Rheumatoid and that medication helped control her disease. [R. 144]. The Court finds the ALJ properly found Dr. Eimen's opinion conflicts with other substantial medical evidence. It is the ALJ's province, as fact finder, to decide the appropriate weight to be given medical evidence. *Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir.1987) (noting it is fact finder's responsibility to resolve genuine conflicts between opinion of treating physician and other contrary evidence).

In addition, the letter written to the ALJ by Dr. Eimen is brief, conclusory and unsupported by medical evidence. *See Frey v. Bowen,* 816 F.2d 508 (10th Cir. 1987) (setting forth legitimate reasons for rejection of treating source opinion). In light of the contradictory medical evidence in the record and the conclusory nature of Dr. Eimen's letter, the ALJ was not required to grant his opinion controlling weight. It "is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." *Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003) (quoting SSR 96-2p, 1996 WL 374188, at *2).

Furthermore, as pointed out by counsel for the Commissioner, the decision as to whether or not a claimant meets the criteria for disability under the Social Security regulations is reserved to the Commissioner. See 20 C.F. R. §§ 404.1527(e)(2), 416.927(e)(2); *Castellano,* 26 F.3d at 1029 (treating physician may opine that claimant is totally disabled, but that opinion is not dispositive because the responsibility for determining the ultimate issue of disability is reserved to the Commissioner).

Because Dr. Eimen's conclusion was not supported by clinical or laboratory data

and contrary to the remaining medical evidence in the record, the Court finds that the ALJ's decision to not give Dr. Eimen's opinion controlling weight is supported by substantial evidence.

### RFC Assessment

In an argument closely related to Plaintiff's contention that the ALJ improperly rejected the opinion of Dr. Eimen, Plaintiff asserts the ALJ's RFC assessment is not supported by the record. Plaintiff argues that the doctors whose reports conflict with Dr. Eimen's opinion, Dr. McKay and Dr. Zanetakis, presumably knew Plaintiff was not working and their silence as to Plaintiff's ability to return to work should be construed as support for her subjective claims of pain so severe she is unable to engage in any work activities. The Court disagrees.

The claimant bears the burden of proving a disability within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5). The claimant continues to bear the ultimate burden of proving that she is disabled under the regulations through step four. *Hayden v. Barnhart*, 374 F.3d 986 (10th Cir. 2004). Plaintiff was required to establish: a pain-producing impairment by objective medical evidence; the existence of a loose nexus between the proven impairment and Plaintiff's subjective allegations of pain; and, by both objective and subjective evidence, that the pain was in fact disabling. *See Kepler v. Chater,* 68 F.3d 387, 390 (10th Cir.1995) (It is difficult for a claimant "[t]o establish disabling pain without the explicit confirmation of treating physicians."). Plaintiff did not do so in this case. As pointed out by the Commissioner, the ALJ was not required to assume facts not apparent in the record.

Contrary to Plaintiff's argument, the RFC finding is not a medical assessment, but rather an administrative one. See SSR 96-8p, 1996 WL 374184, at *2; 20 C.F.R. §§ 404.1545(a) and 404.1546. The determination of RFC is based upon all of the evidence of how a claimant's impairments and related symptoms affect her ability to perform work related activities. Because the assessment is made based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

Based upon his review of the evidence, including the medical records, Plaintiff's testimony and her statements regarding her daily activities, the ALJ concluded that Plaintiff was able to engage in light work activities with restrictions on using her hands. There is ample evidence in the record to support such a conclusion. Because the record does contain substantial evidence supporting the ALJ's decision denying benefits, the Court will not substitute its judgment for that of the Commissioner. See *Glenn v. Shalala*, 21 F.3d 983, 987-88 (10th Cir.1994) (despite existence of evidence contrary to ALJ's finding, appellate court must affirm if, "considering the record as a whole, including whatever fairly detracts from the findings, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion" (citation, further quotation omitted)). The Court's role is to verify whether substantial evidence underlies the ALJ's decision, not to substitute its judgment for his. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

## **Conclusion**

The Court finds the ALJ committed no error in rejecting the opinion of Plaintiff's treating physician. Plaintiff's allegations of error with respect to the ALJ's weighing of

the medical evidence and his assessment of her RFC are without merit.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 2nd day of February, 2007.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE